UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CARDINAL HEALTH 200, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:15 CV 473 |
| | ) |
| AMOSIL CORP. and | ) |
| JOSEPH NEWELL, JR., | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on the motion of plaintiff Cardinal Health 200, LLC ("Cardinal") for summary judgment against defendant Amosil Corp. ("Amosil") on Cardinal's complaint, which stems from a failed business deal between the parties. (DE # 37.) Specifically, Cardinal claims that Amosil defaulted on a credit agreement and a note. (DE # 1.) Cardinal also claims that it is entitled to various assets belonging to Amosil, as those assets constitute collateral. (*Id.*) Cardinal has already received a default judgment against Joseph Newell, Jr., Amosil's president. (DE # 18.)

Under Federal Rule of Procedure 56, "summary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted). Amosil failed to file a response to Cardinal's motion for summary judgment, but this failure does not automatically result in summary judgment for Cardinal. *Wienco, Inc. v.*

*Katahn Assoc., Inc.,* 965 F.2d 565, 568 (7th Cir. 1992). Rather, the court must still "make the further finding that given the undisputed facts, summary judgment is proper as a matter of law." *Id.*

The present action is primarily one for breach of contract. Under Ohio law, which governs this dispute by agreement of the parties (DE # 1-3 at 3), the essential elements of an action for breach of contract are: (1) the existence of a contract; (2) the defendant's breach of the contract; and (3) damages. *Powell v. Grant Medical Center,* 771 N.E.2d 874, 881 (Ohio Ct. App. 2002). In this case, Cardinal has pointed to evidence in the record demonstrating that Cardinal and Amosil entered into a credit agreement (DE # 1-1) and a note (DE # 1-3). It is undisputed that Amosil has failed to make full and timely payments under these documents. It is also undisputed that Amosil agreed that various property would constitute collateral. (DE # 1-1 at 3, DE # 1-2.) Cardinal has indicated that the date of breach was September 14, 2015. (DE # 15-1 at 3.) It is also undisputed that Cardinal has suffered damages by virtue of Amosil's breach. Accordingly, Cardinal is entitled to summary judgment on its claims for breach of the credit agreement (Count I) and breach of the note (Count II).[1]

---

[1] Count 3 of Cardinal's complaint was directed at Joseph Newell, Jr., and was resolved when Cardinal was granted default judgment against Newell. (DE # 18.) Count 4 is a claim for unjust enrichment, which Cardinal describes as an alternative cause of action, and which is unnecessary now that a breach of contract has been established. Accordingly, this claim is dismissed as moot. Finally, Count 5 seeks enforcement of the security interest Cardinal has in certain collateral. This claim is simply a request for a particular form of relief, not an action separate from the breach of contract, so it is also dismissed as moot, though the requested relief will be addressed in this order.

With regard to the quantity of damages, Cardinal has provided uncontested evidence that Amosil owes $9,628.99 under the credit agreement, and $149,819.00 under the note. (DE # 37-9 at 3.) The prejudgment interest owed by Amosil from the date of alleged breach (September 14, 2015) until the present (737 days), at a contractual interest rate of 11% (DE # 1-3 at 1), is $35,414.92. Cardinal is contractually entitled to attorneys' fees and costs (DE # 1-3 at 2) in the amount of $15,620.45. Further, under the security agreement, Cardinal is entitled to possession of certain collateral, including all business assets, which the court shall delineate in the final judgment. (DE # 1-2 at 1.)

For the foregoing reasons, Cardinal's motion for summary judgment (DE # 37) is **GRANTED.** The Clerk is ordered to **ENTER FINAL JUDGMENT** for Cardinal, stating:

> Judgment is entered in favor of Plaintiff Cardinal Health 200, LLC, and against Defendant Amosil Corp. on Counts I and II of the complaint, in the amount of in the amount of $159,447.99, plus attorneys' fees and costs in the amount of $15,620.45, plus prejudgment interest in the amount of $35,414.92. The total judgment is $210,483.36. Post-judgment interest is awarded at a rate of 1.27%.
>
> Cardinal is also entitled to take possession of the following collateral: All business assets, including but not limited to, goods, equipment, inventory, accounts, accounts receivable, chattel paper, instruments, investment property and all general intangibles, books and records, computer programs and records, and other personal property, tangible or intangible, related to any of the foregoing (including, without limitation, all prescription files, patient lists, signs, appliances, cash registers, computers, computer software, shelving, check-out counters, compressors, freezers, coolers, display cases, customer records, sundries, tobacco products, prescription and over-the-counter pharmaceutical products, health and beauty aids, home healthcare products and general merchandise and supplies); all accessions and additions to, substitutions for, and replacements of any of the foregoing; all

proceeds or products of any of the foregoing; and all rights to payments under any insurance or warranty, guaranty, or indemnity payable with respect to any of the foregoing.

**SO ORDERED.**

Date: September 20, 2017

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT